## LANGENDORF UNITED BAKERIES, Inc., et al. v. CITY OF RENO et al.
### No. H–132.

District Court, D. Nevada.
March 26, 1936.

Frank B. Gregory, of Reno, Nev., and Henderson, Henderson & Carey and Heller, Ehrman, White & McAuliffe, all of San Francisco, Cal., for plaintiffs.

Le Roy F. Pike, City Atty., and Painter, Withers & Edwards, all of Reno, Nev., for defendants.

NORCROSS, District Judge.

Plaintiffs' bill in equity prays for a decree granting a permanent injunction restraining the enforcement as against plaintiffs of an ordinance adopted by the city council of the city of Reno, known as Ordinance No. 510. Upon filing of the bill a temporary restraining order was issued, and upon hearing thereafter a temporary injunction was issued.

The purpose of the ordinance in question, as declared in section 1 thereof, is to protect "the health, safety, life and welfare of the inhabitants of the City of Reno, and to insure them pure bread, cakes, pies and other bakery products."

Plaintiffs' products are all manufactured in the state of California. Such portion as is sold in the city of Reno is shipped to their customers therein upon previous orders and sold therein by plaintiffs at wholesale only. Before shipment such products are packed and sealed in packages and deposited in shipping containers. Upon arrival the containers are delivered directly to trucks, and thereafter the containers opened and deliveries made from the trucks to the several Reno retailers. The evidence also shows that plaintiffs are subject to health regulations in the state and cities wherein their bakery plants are located, and have complied therewith.

Plaintiffs contend: First, that this ordinance is discriminatory, unreasonable and unfair; second, that it provides for an improper delegation of legislative powers; third, that it is an improper exercise of the police powers of the city of Reno; fourth, that it imposes an improper burden on interstate commerce; and that for these reasons it is therefore unconstitutional and void.

In the view taken of this case it is unnecessary to consider all these contentions. No showing has been made that plaintiffs' products shipped by public utility or common carriers into the state of Nevada have been subject to unhealthy conditions or are unhealthy in fact.

It is the opinion of the court that this case falls within the rule announced by the Supreme Court in Minnesota v. Barber, 136 U.S. 313, 10 S.Ct. 862, 865, 34 L.Ed. 455. See, also, Austin v. Tennessee, 179 U.S. 343, 21 S.Ct. 132, 45 L.Ed. 224; Brimmer v. Rebman, 138 U.S. 78, 11 S.Ct. 213, 34 L. Ed. 862; Voight v. Wright, 141 U.S. 62, 11 S.Ct. 855, 35 L.Ed. 638; Guy v. Baltimore,

100 U.S. 434, 25 L.Ed. 743; Baldwin v. G. A. F. Seelig, Inc., 294 U.S. 511, 55 S.Ct. 497, 79 L.Ed. 1032, 101 A.L.R. 55; Campbell Baking Co. v. City of Harrisonville (C.C.A.) 50 F.(2d) 670; Jewel Tea Co. v. Lee's Summit, Mo.(C.C.) 189 F. 280.

From the opinion in the Minnesota v. Barber Case, supra, by Mr. Justice Harlan, we quote: "It will not do to say—certainly no judicial tribunal can with propriety assume—that the people of Minnesota may not, with due regard to their health, rely upon inspections in other states of animals there slaughtered for purposes of human food."

It is the conclusion of the court that plaintiffs are entitled to a decree granting a permanent injunction as prayed for. It is the order of the court that the temporary injunction heretofore issued be, and the same hereby is, made permanent. Decree is directed to be entered accordingly.